**Lawrence O. BAKER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74-1203.**

United States Court of Appeals,
Fifth Circuit.

May 20, 1974.

Lawrence O. Baker, pro se.

Wayman G. Sherrer, U. S. Atty., Albert C. Bowen, Jr., Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

■ Appellant, Lawrence O. Baker, plead guilty and was sentenced to four years in prison for interstate transportation of a stolen automobile in violation of 18 U.S.C.A. § 2312.[1] His sole contention on appeal is that his sentence should be set aside because the District Judge incorrectly enhanced his punishment by considering three prior convictions obtained without the benefit of counsel. United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592. Finding merit in a portion of this contention, we vacate and remand the case.

At the time of his sentencing, appellant had a long list of prior State and Federal convictions dating back to 1942. Among these were:

(i) A 1943 Federal conviction in Kansas City,

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir., 1969, 412 F.2d 981.

(ii) A 1946 Federal conviction in Oklahoma City,

(iii) A 1950 State conviction in Baton Rouge,

(iv) A 1952 Federal conviction in Springfield, Mo.,

(v) A 1959 Federal conviction in Los Angeles, and

(vi) A 1965 Federal conviction.

All six of these convictions were found to have been listed in the pre-sentence report upon which the District Judge relied in assessing appellant's punishment for his most recent offense.

Appellant does not seek to challenge the propriety of the District Judge's consideration of convictions (i), (iv), (v), or (vi). He does, however, challenge conviction (ii), the 1946 Federal conviction in Oklahoma City, and conviction (iii), the 1950 State conviction in Baton Rouge, as being illegally considered for punishment enhancement purposes because they were obtained without benefit of counsel.[2]

In his denial of habeas relief, the District Judge found that the only prior convictions he as the sentencing Judge specifically considered for punishment enhancement purposes were appellant's Federal convictions, i. e., convictions (i), (iii), (iv), (v), and (vi). He also stated he assumed since these were Federal convictions they must have occurred "during proceedings where [appellant] was either represented by counsel or waived counsel."

The District Judge's finding that he relied solely upon appellant's Federal convictions in assessing punishment would sufficiently foreclose the appel-

lant from challenging his sentence on the basis of conviction (iii), the 1950 State conviction in Baton Rouge. We cannot, however, dismiss the remainder of appellant's contentions so easily. A careful reading of the record of the sentencing proceedings reveals no basis for the District Judge's summary assumption that appellant was represented by counsel or waived to this right in regard to conviction (ii), the 1946 Federal conviction in Oklahoma City. The District Judge was presumably not the presiding Judge in 1946 when appellant was convicted and thus does not have an independent recollection of appellant being represented by counsel at that time. Nor is there any indication from the record on appeal that the District Judge, either when he sentenced appellant for his most recent offense or when he reviewed appellant's habeas motion, had before him the records of conviction (ii).

In accordance with Russo v. United States, 5 Cir., 1972, 470 F.2d 1357, and Lipscomb v. Clark, 5 Cir., 1972, 468 F.2d 1321, we vacate the judgment below insofar as it relates to conviction (ii), the 1946 Federal conviction in Oklahoma City. The District Court shall determine on remand if treating conviction (ii) as void the four year sentence would still be appropriate. If the Court finds the sentence to be inappropriate, the records of the challenged conviction should be reviewed and evidence taken by whatever means appropriate in accord with Mitchell v. United States, 5 Cir., 1973, 482 F.2d 289 and Lipscomb v. Clark, *supra*.

Vacated and remanded.

2. Appellant also challenges a 1952 Federal conviction in Atlanta on the same basis but both the magistrate and the District Judge in reviewing appellant's habeas motion found no such conviction listed in the pre-sentence report. On appeal, we are bound by such a finding.