503 F.2d 452
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene GAITHER, a/k/a Shag, Defendant-Appellant.
No. 74-2197 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 13, 1974.
 
 Howard L. Stopeck, Atlanta, Ga. (Court-appointed), for defendant-appellant.
 John W. Stokes, U.S. Atty., J. Owen Forrester, J. Robert Cooper, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges:
 PER CURIAM:
 
 
 1
 Convicted of heroin distribution, the defendant brought a 2255 attack on his six-year sentence on the ground that the district judge considered a defective 1951 Dyer Act conviction. The judge vacated the six-year sentence, stated that he would not 'consider the prior conviction in assessing sentence in any way,' but then reimposed another six-year sentence.
 
 
 2
 Appellant attacks this resentencing process as being unconstitutional, arguing that it is inherently impossible for any court to disclaim consideration of a prior unconstitutional conviction in assessing sentence while still possessing knowledge thereof. He contends he is entitled to be resentenced by an appropriate court which does not possess any knowledge of this prior unconstitutional conviction. We disagree.
 
 
 3
 The trial judge clearly stated the reason the six-year sentence was appropriate without regard to the 1951 conviction.
 
 
 4
 'I have as is obvious simply reimposed the sentence which I imposed prior . . .. I want to make a statement that the reason I'm doing this is that my sentence before and my sentence now is simply based upon my conviction that you, a nondrug user, were using and pushing drugs for gain, which had a deleterious effect upon the others, and this was not a mere street level but the defendant was a second level distributor, and that was the basis of my judgment of conviction before and it remains the basis of my judgment of conviction.'
 
 
 5
 In fact, a reading of the transcript of the original sentencing leaves some doubt that the district court gave much consideration to the 1951 conviction in the first instance. The defendant's counsel argued 'although Mr. Gaither has had a few prior brushes with the law that there is nothing of any consequence for almost the past 20 years.' The six-year sentence for a narcotics crime carrying a 15 year maximum does not indicate that the court considered anything but the reasons articulated in resentencing.
 
 
 6
 Out of an apparent abundance of caution, however, the district judge vacated the sentence and followed the guidelines set forth by this Court in Lipscomb v. Clark, 468 F.2d 1321 (5th Cir. 1972). See Haynie v. United States, 474 F.2d 1051 (5th Cir. 1973); Russo v. United States, 470 F.2d 1357 (5th Cir. 1972).
 
 
 7
 Since the district court did not consider the 1951 conviction on resentencing, the alleged constitutional infirmity of that conviction is accepted as accurate and we need not review the arguments made to us on that issue.
 
 
 8
 Affirmed.