**Douglas Lutry SMITH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 77–1827

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1978.

Douglas Lutry Smith, pro se.

Denver L. Rampey, Jr., U. S. Atty., Joseph M. Lawless, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Petitioner appeals from denial of a motion to vacate his sentence, arguing that he was entitled to an evidentiary hearing to prove that certain information as to prior convictions and arrests on his FBI rap sheet

---

**7.** Pugh does not contend that there is no duty under Mississippi law to protest the driver's negligent driving.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

was false, information he alleges to have been used in his sentencing.

According to the order of denial, the district court did not have the FBI rap sheet before it, so that the premise upon which petitioner bases his claim is wrong. More importantly, the district court found that "[i]f there is incorrect information regarding the Defendant on an FBI rap sheet it had nothing whatever to do with the sentence imposed by this Court." This holding means that the sentence would have been the same even if convictions were taken into consideration but later found to be invalid.

 Had the rap sheet information been considered, the proper disposition would be for the court to determine if the sentence would be appropriate without consideration of the convictions. If not, then an evidentiary hearing would be needed to determine the validity of the prior convictions. If the sentence would remain the same without regard to the prior convictions, no evidentiary hearing would be necessary. Such was the case here, according to the district court's order. *Baker v. United States*, 494 F.2d 508 (5th Cir. 1974); *Lipscomb v. Clark*, 468 F.2d 1321 (5th Cir. 1972).

Out of a possible maximum of 30 years imprisonment, the defendant here received five.

AFFIRMED.