**Joseph Wayne WATSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 77–1548.

United States Court of Appeals, Tenth Circuit.

Submitted March 6, 1978.

Decided May 4, 1978.

William W. Deaton, Federal Public Defender, David E. Booth, Asst. Federal Public Defender, Albuquerque, N. M., filed a response to motion to dismiss or affirm (treated as memorandum opposing summary action) on behalf of petitioner-appellant.

Victor R. Ortega, U. S. Atty., Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., filed motion to dismiss or affirm (treated as memorandum supporting summary action) on behalf of respondent-appellee.

Before SETH, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Convicted of armed robbery, the appellant initiated a § 2255 attack on his 15-year sentence asserting that the trial judge erroneously considered prior invalid convictions in assessing sentence. In response, the trial judge declared appellant's sentence invalid and resentenced him to an identical term of 15 years imprisonment.

Counsel for appellant now argues that the resentencing proceeding should have been conducted by a judge other than the original sentencing judge, or that the sentence should have been reduced. We disagree.

There is nothing in the language of *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), to suggest that either a new sentencing judge or a reduced sentence is constitutionally mandated upon a determination that prior invalid convictions were considered when imposing the original sentence. To the contrary, the court in *Tucker* seems to acquiesce in remanding the case to the original sentencing judge for resentencing: "It would be equally callous to assume, now that the constitutional invalidity of the respondent's previ-

ous convictions is clear, that the trial judge will upon reconsideration 'undoubtedly' impose the same sentence he imposed in 1953." *Id.* at 449, n. 8, 92 S.Ct. at 593. Justice Blackmun, in the dissent, states: "On remand the case presumably will go once again to Judge Harris . . . ." *Id.* at 452, 92 S.Ct. at 594.

In support of his proposition, appellant cites *Farrow v. United States,* —— F.2d —— (9th Cir. 1976), (case re-opened April 14, 1977, to be considered by the court en banc), in which the court stated, "If the priors are found not to be invalid, then the original sentence will stand. If, however, they are determined to be invalid, then the original sentence must be vacated under *Tucker,* and a fresh resentencing conducted by the new judge without consideration of the invalid priors."

The appearance of fairness in the resentencing proceeding, as well as in the disposition of the § 2255 action seems to be a critical factor in the *Farrow* decision, for the court states that reassignment of such claims to a new judge eliminates the perception of unfairness, "and consequently diminishes the resultant antagonism to our criminal justice system, disrespect for law, and despair—all of which have the potential to manifest themselves in prison riots, recidivism, and other antisocial conduct." Like the court in *Farrow,* we too are concerned with the elimination of the perceptions of unfairness in the criminal justice system. However, we believe that *Farrow's* prophylactic rule of assigning a new judge for resentencing would operate to dispel the appearance of unfairness only when the prisoner's sentence was reduced. On the other hand, the prisoner's perception of unfairness would continue to exist if the new judge imposed a sentence identical to the original sentence. If we were concerned primarily with the appearance of justice, we might implement a rule whereby a prisoner's sentence would be reduced automatically under the circumstances discussed herein. However, since we are also concerned with the efficient administration of our criminal justice system, we must also consider the onerous effect of assigning a new judge for resentencing in every instance involving prior invalid convictions merely because it cannot be shown that the sentencing judge did not consider the prior invalid convictions.

Even more important than the appearance of fairness, and the efficiency of our criminal justice system, is fairness itself. To achieve fairness, each case must be studied and scrutinized individually and judged according to its own particular set of facts and circumstances. We disagree with *Farrow* that the sentencing judge is "required to perform mental gymnastics of a virtually impossible kind . . . ," in resentencing proceedings. By the very nature of their positions, trial judges must frequently exercise a great amount of objectivity and discretion in difficult situations. At such times as it becomes impossible to exercise the required degree of objectivity or discretion, the judge should recuse himself and a new judge should be assigned in his stead.

This court prefers an approach similar to that of the Third and Fifth Circuits. In *United States v. Gaither,* 503 F.2d 452 (5th Cir. 1974), a § 2255 petitioner successfully attacked his six-year sentence for heroin distribution on the ground that the sentencing judge considered a defective prior conviction. After vacating the six-year sentence, the same judge reimposed another six-year sentence, stating in essence that the prior conviction had not served as the basis for his judgment of conviction. In affirming, the court necessarily held that one is not constitutionally entitled to be resentenced by a court possessing no knowledge of the prior unconstitutional conviction.

In *United States v. Radowitz,* 507 F.2d 109 (3d Cir. 1974), the court held that the judge who had originally sentenced petitioner to 14 years imprisonment for robbery, after considering state felony convictions obtained in violation of his right to counsel, properly imposed an identical sentence of 14 years imprisonment in resentencing proceedings. The court concluded that the fact that the sentencing judge

arrived at a similar sentence on resentencing did not require reversal. The court apparently was satisfied that the resentencing judge sufficiently followed the guidelines enunciated in *Tucker*.

In the present case, Watson's sentence was declared invalid by the original sentencing judge who then resentenced appellant to an identical term. Upon imposition of the new sentence, the court disclaimed consideration of prior convictions: "Now I am doing this without considering any—any previous convictions at all, but I did consider how you were living, and I did consider the facts of the case . . . ." (R., Vol. IV, p. 7).

Under circumstances somewhat similar to the case at bar this court has accepted disclaimers of consideration of misinformation in sentencing. In *Hampton v. United States*, 504 F.2d 600 (10th Cir. 1974) the § 2255 petitioner argued that his presentence report contained incorrect information regarding prior convictions. In denying petitioner a resentencing, the district court held that "'The matters in the presentence report now criticized by the petitioner were not determinative matters in the imposition of sentence and upon present reconsideration of all relevant and proper information and circumstances and without consideration of such matters the sentence is appropriate and should stand.'" *Id.* at 604. This court affirmed, citing *Johnson v. United States*, 485 F.2d 240, 242 (10th Cir. 1973); *United States v. Green*, 483 F.2d 469 (10th Cir. 1973), cert. denied, 414 U.S. 1071, 94 S.Ct. 583, 38 L.Ed.2d 477 (1973). In *Johnson v. United States, supra,* this court, in reviewing the denial of a § 2255 motion, regarded as conclusive the statement by the district court that it did not rely on any prior convictions, valid or invalid, in pronouncing sentence.

In consonance with our rulings in *Hampton* and *Johnson,* we hold that when the judge who imposed the original sentence imposes a similar term on resentencing, the new sentence will generally be upheld if it affirmatively appears from the record that the prior unconstitutional conviction was not considered in assessing the original sentence or, if so, such consideration was disclaimed in considering the new sentence.

When this case was docketed in this court the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Each party has done so. We have thoroughly reviewed these memoranda and the files and records in this case and are convinced that the resentencing by the district court was without error. Accordingly, the judgment of the district court is affirmed.

The mandate shall issue forthwith.