UNITED STATES of America,
Respondent-Appellee,

v.

Rodger Phillip MISSIO,
Movant-Appellant.

No. 78–3414
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 13, 1979.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., for movant-appellant.

Jack V. Eskenazi, U. S. Atty., Linda Collins Hertz, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The sole issue presented on this appeal from the denial of habeas corpus relief under 28 U.S.C. § 2255 is whether the District Judge erred in not holding a hearing to permit the petitioner to present evidence on his claim that six convictions listed on his presentence report were unconstitutionally obtained and should not have been considered by the sentencing judge under *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Appellant Missio was convicted by a jury of eight counts of knowingly possessing or distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). Pursuant to Fed.R.Crim.P. 32(c)(3)(A), Missio and his attorney were permitted to read the presentencing report, and at the sentencing hearing held on December 19, 1975, his attorney stated: "We have both reviewed the presentence report. Mr. Missio feels that the

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

department has been very fair with him in terms of the representations of facts." Of course, one purpose of the 1975 amendment of Rule 32 was to give the defendant an opportunity to insure that this report is "completely accurate in every material respect." H.R.Rep.No.94–247, 94th Cong., 1st Sess. 18, *reprinted in* [1975] U.S.Code Cong. & Admin.News pp. 674, 690.

Now, three years after he informed the sentencing judge that the presentencing report was "very fair", Missio asks this Court to vacate his sentence and remand for a hearing on the issue of whether six convictions listed in that presentencing report were obtained after an uncounselled plea of guilty.

In this Circuit, the leading case interpreting *United States v. Tucker, supra,* is *Lipscomb v. Clark,* 5 Cir. 1972, 468 F.2d 1321. There we spelled out the procedures to be followed by district judges when presented with *Tucker* claims:

First, the district court should review the records involved in this conviction and determine if, treating the state convictions alleged to have been unconstitutional as void and thus not to be considered in sentencing, the five-year maximum sentence would still be the appropriate sentence based on the records of the trial and petitioner's adjusted conviction record . . . . If the district court finds that the maximum sentence would still be appropriate, an order so setting

forth would seem sufficient to comply with the requirements of *Tucker.* If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the maximum sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional due to *Gideon.* If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence. 468 F.2d at 1323.

*See also Cochran v. United States,* 5 Cir. 1978, 567 F.2d 1288; *Smith v. United States,* 5 Cir. 1978, 565 F.2d 378; *United States v. Gaither,* 5 Cir. 1974, 503 F.2d 452.

In denying habeas corpus relief, the District Judge followed a slightly different tack. He was the same judge who had presided over Missio's trial and sentencing and was therefore in the best position to know what factors had been considered in the sentencing. In his order denying relief, the Judge stated, "the court, in the case *sub judice,* wishes to make absolutely clear that these convictions played no part whatsoever in the consideration and ultimate determination of a sentence for this defendant."

■ In view of the ambiguity in the transcript of the sentencing hearing,[1] the quoted statement can only be interpreted as

1. Just after Missio's attorney stated that Missio was satisfied with the presentencing report, the Judge made the following statement before pronouncing sentence:

I have carefully read and considered the presentence investigation report that has been prepared by the Probation Office of this court together with the letters that were furnished to the Probation Officer by the employers—or the several employers, the friends, neighbors, and others who have known the defendant, Rodger Missio, during the past several years and who have written to the Probation Office.

I have read all of those letters with care and I have reviewed in my own mind the facts as I heard them during the trial of this case and am prepared to impose sentence at this time.

The first sentence of that statement could be read as an indication that the Judge allowed the six convictions from the 1950's to play a significant role in his determination of the proper sentence. However, his emphasis on the letters and the failure to mention the convictions might also mean that he considered the ancient convictions of little probative impact on a proper sentence. *Cf.* Fed.R.Evid. 609(b). It is not inherently impossible for a judge to possess knowledge of a fact and yet not consider it in assessing punishment. *See United States v. Gaither,* 5 Cir. 1974, 503 F.2d 452. We do not require mistrials every time that a jury is exposed to inadmissible evidence, nor do we vacate sentences every time that a judge has been exposed to something which amounts to misinformation, whether that exposure results from hearing trial testimony or reading a presentencing report.

functionally equivalent to a determination that the same sentence would have been imposed if the six questioned convictions had not been included in the presentencing report. Therefore, there was no necessity for a hearing, and the petition was properly denied.

Because the record in this case is a bit unusual, we think it not out of place to add a few words. In our system of government, once a defendant has been convicted and sentenced (in the absence of some illegality which is correctible on appeal or on habeas corpus) he is delivered into the hands of the Executive authority, which is then responsible for insuring the service of the sentence. The parole authorities may grant an early release, but they must operate within the guidelines of applicable statutes and regulations.

The President, however, has power under the Constitution to grant pardons and other forms of Executive clemency. The thrust of Missio's various motions to reduce or vacate his sentence have all been reenforced by allegations, supported by responsible executive officials such as the United States Attorney, that he has been an exemplary prisoner and has provided services to the government sufficient to warrant his early release. The parole board, however, has apparently denied Missio an early release, and a letter to the pardon attorney in the Justice Department from the United States attorney has apparently produced no action.

What it all comes down to is that the record indicates commendable action on the part of Mr. Missio since his conviction and incarceration but under the law this is now for the consideration of the Parole Board and the President. The Judiciary has no authority in matters of clemency. There is no point in remanding the matter to the District Judge in the face of his solemn assertion that the allegedly unconstitutional convictions played no part in, and had no impact on, the sentence imposed.

AFFIRMED.