791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RANDY KARL GOMETZ, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-5082
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: KEITH, NELSON and BOGGS, Circuit Judges.
 
 
 1
 This federal prisoner appeals from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. Petitioner claimed that his sentence of three concurrent terms of 15 years for three convictions of bank robbery was improperly imposed because the sentencing judges improperly relied on invalid convictions mentioned in his pre-sentence report. Petitioner explained that he had erroneously pleaded guilty to numerous charges of criminal conduct while he was a youth, and did so without the aid of counsel. The convictions are, therefore, invalid, and should not have been included in his pre-sentence report, according to the petitioner. Upon review of the cause, Judge Morton, who had already initially vacated and re-sentenced the petitioner to his current sentence, denied petitioner's motion to vacate after concluding 'with particularity and specificity' that he had not considered any of petitioner's juvenile convictions when he sentenced the petitioner.
 
 
 2
 On appeal, petitioner argues that the judges must have relied on his prior invalid convictions because he received a longer sentence than any of his co-defendants on the bank robbery charges. He also complains that it was improper to deny the motion to vacate without granting him an evidentiary hearing.
 
 
 3
 With the sentencing judge conclusively stating that he did not rely on any of petitioner's juvenile convictions when he sentenced the petitioner, it is clear that the petitioner was not entitled to be re-sentenced, as there was no reasonable probability that his alleged invalid convictions influenced his sentence. Smith v. United States, 565 F.2d 378 (5th Cir. 1978). Under these circumstances the petitioner was not entitled to an evidentiary hearing, as the record conclusively showed that he was not entitled to any relief. Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984); Smith v. United States, supra. Petitioner likewise failed to state a claim on appeal by claiming that he received a disparately longer sentence than his co-defendants. Reynolds v. United States, 528 F.2d 461, 462 (6th Cir. 1976); United States v. Garrett, 680 F.2d 650, 652 (9th Cir. 1982); United States v. Gray, 611 F.2d 194, 197 n.2 (7th Cir. 1979), cert. denied, 446 U.S. 911 (1980); United States v. Truelove, 482 F.2d 1361 (4th Cir. 1973). The trial court has broad discretion in sentencing. The exercise of that discretion will not normally be disturbed on appeal unless (1) the trial court relied upon improper factors or (2) the trial court failed to review sentencing information provided to the court. United States v. Barbara, 683 F.2d 164, 166 (6th Cir. 1982). Neither situation obtains here.
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly ffirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.