793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELIJAH J. ROSSELL, Petitioner-Appellant
v.
WILLIAM L. ABSHIRE, Respondent-Appellee.
 85-1403
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 W.D.Mich.
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This Michigan state prisoner appeals from a district court judgment dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2254.
 
 
 2
 Petitioner sought to attack his 1974 jury conviction of second-degree murder for which he was sentenced to serve a life term of imprisonment, with possibility of parole. Relying on United States v. Tucker, 404 U.S. 443 (1972), petitioner contended that his sentence should be vacated because the state trial court used three prior convictions to enhance the sentence, and these prior convictions, obtained while petitioner was a minor, were invalid because he was denied the right to counsel.
 
 
 3
 The district court denied the petition after reviewing the transcript of a hearing at which the sentencing judge recalled relying on other more persuasive factors and giving no effect to the alleged invalid convictions when he sentenced the petitioner to life imprisonment.
 
 
 4
 Upon review of the cause in light of the arguments presented by the parties in their respective appellate briefs, this Court concludes that the district court properly dismissed petitioner's habeas petition. With the sentencing judge conclusively stating that he did not rely on petitioner's minor convictions when he sentenced the petitioner, it is clear that the petitioner was not entitled to habeas relief, as there was simply no reasonable probability that his alleged invalid convictions influenced his sentence. See United States v. Polselli, 747 F.2d 356 (6th Cir. 1984) (per curiam), cert. denied, 105 S.Ct. 979 (1985); Reynolds v. United States, 528 F.2d 461 (6th Cir. 1976); Bonfiglio v. Hodden, 770 F.2d 301, 306 (2nd Cir. 1985); Smith v. United States, 565 F.2d 378 (5th Cir. 1978) (per curiam). Under these circumstances, the petitioner was also not entitled to an evidentiary hearing, as the record conclusively showed that he was not entitled to any relief. Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984); Smith v. United States, supra.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.