UNITED STATES of America, Plaintiff-Appellant,

v.

Catherine McMenamin SCOTT, Defendant-Appellee.

No. 85–2699.

United States Court of Appeals, Fifth Circuit.

July 3, 1986.

Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, Asst. U.S. Atty., James R. Gough, Bernard E. Hobson, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellant.

Marian S. Rosen, Houston, Tex., for defendant-appellee.

---

Before GEE, RANDALL, and DAVIS, Circuit Judges.

## OPINION

GEE, Circuit Judge:

In 1982, Catherine M. Scott was charged with making false statements to influence the actions of two Federal Deposit Insurance Corporation-insured Houston banks in violation of 18 U.S.C. § 1014. Scott pled guilty to the second count, and the government dismissed the first. She was sentenced to a two-year period of imprisonment and ordered to pay a $5,000 fine. The prison sentence, however, was suspended and Scott was placed on supervised probation, with the conditions that she perform 200 hours of community service and that she make a good faith effort to pay $100,000 restitution to one of the banks.

Scott has complied with the terms of the suspended sentence and has made restitution in full to the bank. By petition in the district court, she has since sought expungement of her criminal conviction, claiming that her felony record has burdened her in her profession as a securities dealer. The district court held a hearing on the petition, granted it, and ordered that all relevant government offices—both state and federal—"expunge and obliterate all records and files and delete from their public records all index references to the records and files that relate to the conviction."

We have grave doubts whether the grant of judicial power in Article III of the Constitution extends to the relief granted by the district court in this case: Article II of the Constitution confers upon the President—the holder of executive authority in our constitutional scheme—the power to grant reprieves and pardons for offenses against the United States. See *Sorrels v. United States*, 287 U.S. 435, 449, 53 S.Ct. 210, 215, 77 L.Ed. 413 (1932); see also *United States v. Missio*, 597 F.2d 60, 62 (5th Cir.1979).

However, we leave for another day the separation of powers issue because it is clear under our precedents in this Circuit that the district court was without authority to do what it did. In *Rogers v. Slaugh-ter*, 469 F.2d 1084 (5th Cir.1972), we held that a district court should not expunge the records of a conviction that had been overturned on constitutional grounds, declaring:

> The district court, nevertheless, went too far in ordering the expunction of the official public records. This remedy gave the defendant more relief than if he had been acquitted.... [T]he court's privilege to expunge matters of public record is one of exceedingly narrow scope. [citations omitted.] Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities. The judicial editing of his history is likely to produce a greater harm than that sought to be corrected.

*Id.* at 1085.

Since we have determined that a district court lacks power to order the official records of an *overturned* conviction rewritten, it follows as an *a fortiori* matter that the court is not empowered to do so in a case such as this—one in which the validity of the original conviction is unquestioned. We therefore VACATE the order of the district court.