[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15506
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-00339-RH-CAS,
4:13-cr-00031-RH-CAS-2

MICHAEL LAVERNE HALL, JR.,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 4, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Hall, Jr., appeals the district court's denial in part of his motion to vacate his 132-month total sentence under 28 U.S.C. § 2255. The district court determined that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Hall's Armed Career Criminal Act sentence was unlawful. But the court also determined that Hall's original term of imprisonment remained appropriate even after *Johnson*.[1]

The district court granted Hall a certificate of appealability on the issue of whether he is entitled to relief from his sentence based on *Johnson*. For the reasons that follow, we affirm.

## I.

Hall pled guilty to drug and firearm charges, including possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). As part of his § 922(g) charge, the district court determined that Hall should receive an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), because of a number of prior state convictions. ACCA provides for a minimum 15-year prison sentence whenever a § 922(g) defendant has three prior "violent felony" or serious drug convictions. *See* 18

---

[1] The district court granted relief insofar is it reduced Hall's term of supervised release from 5 to 3 years. That relief is not at issue in this appeal.

U.S.C. § 924(e).  (Otherwise, the maximum sentence for a § 922(g) offense is 10 years.)

In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR"), which classified Hall as an armed career criminal under ACCA.  The ACCA enhancement resulted in a Sentencing Guidelines offense level of 34.  The PSR also applied the career offender enhancement under U.S.S.G. § 4B1.1 based on Hall's prior state convictions.  The career offender enhancement resulted in an offense level of 37.  Because it was highest, the offense level of 37 applied.  *See* U.S.S.G. § 4B1.4(b)(2).  With a three-level reduction for acceptance of responsibility, Hall's total offense level was 34.  He had a criminal history category of VI, which resulted in a guidelines range of 262 to 327 months' imprisonment.  The § 922(g) offense carried a mandatory minimum sentence of 15 years' imprisonment and the § 924(c) offense carried a mandatory consecutive sentence of 60 months' imprisonment.  With the mandatory 60-month consecutive term, the total guidelines range for Hall's sentence was 322 to 387 months' imprisonment.  Neither party objected to the PSR.

Before Hall's sentencing, the government filed a substantial assistance motion in which it asked the district court to consider Hall's cooperation with the government's criminal investigation and to reduce Hall's guidelines range by thirty percent.  At sentencing, the district court heard from several of Hall's family

members about his difficult upbringing, personal strides towards positive change, and cooperation with the government. The government further detailed Hall's assistance but also emphasized Hall's lengthy criminal history. The district court considered Hall's family's testimony, the government's arguments and substantial assistance motion, the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] and sentenced Hall to a total of 132 months' imprisonment, consisting of 108 months on his drug and § 922(g) convictions, to run concurrently with each other, and 24 months on his § 924(c) conviction to run consecutively to the 108 months.

Hall did not file a direct appeal. Instead, when the Supreme Court decided *Johnson*, Hall filed a § 2255 motion to vacate, arguing that he no longer qualified as an armed career criminal under ACCA and was entitled to be resentenced. The district court concluded that, after *Johnson*, Hall no longer qualified for an ACCA-enhanced sentence. But the court nonetheless denied Hall relief from his term of incarceration, determining that the error in his sentence was harmless. The district court noted that neither the Supreme Court nor this Court had squarely addressed what harmlessness standard might apply on collateral review of a federal sentence. But it also noted that the Supreme Court had addressed the standard for collateral

---

[2] The factors delineated in 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct[,] . . . to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training"; and "the kinds of sentences available" and established sentencing ranges. *See* 18 U.S.C. § 3553(a)(1)-(5).

review of a state-court trial error:  the error is harmless unless it "had substantial and injurious effect or influence" on the determination under review.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks omitted).  The district court concluded that "a parallel standard applies to collateral review of a federal sentencing error."  Doc. 109 at 4.[3]

The district court concluded that the *Johnson* error did not have such an effect on Hall's sentence.  The court explained that in the absence of the ACCA enhancement, Hall's guidelines range—which was determined by his career offender status—would remain the same.  But, the court noted, the Sentencing Guidelines had been amended since *Johnson*, and even before those amendments "district judges properly could conclude—and I routinely concluded—that in light of *Johnson* an appropriate sentence was below the range calculated based on the career-offender [guideline]."  *Id.* at 6.  For this reason, the district court stated:  "I also would have calculated . . . the guideline range that would have applied had Mr. Hall not been a career offender.  I would have given more weight to that calculation than to the technically applicable career-offender calculation."  *Id.* at 7.  That calculation would have yielded a combined range on all counts of 211 to 248 months' imprisonment.  Given this range, the government's substantial assistance

---

[3] "Doc. #" refers to the numbered entry on the district court's docket in case No. 4:13-cr-31.

motion, and the sentencing factors set forth in § 3553(a), the court stated, a sentence of 132 months' imprisonment was "'sufficient, but not greater than necessary, to comply with' the statutory sentencing purposes." *Id.* (quoting 18 U.S.C. § 3553(a)). Further, given Hall's extensive criminal history, "a sentence below 132 months would not be sufficient to comply with the statutory sentencing purposes." *Id.* at 8. Thus, the district court concluded, the *Johnson* error did not affect Hall's sentence, and he was not entitled to relief from his term of imprisonment.

This is Hall's appeal.

## II.

"In a [s]ection 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999).

## III.

On appeal, Hall argues that the district court erred in applying the harmlessness standard from *Brecht* in the context of collateral review of a federal sentence. He argues that a higher standard, "harmless beyond a reasonable doubt," should apply instead. *Chapman v. California*, 386 U.S. 18, 24 (1967) (applying this standard to direct review of a state court trial error). We have not specifically addressed in a published opinion what harmlessness standard should apply in this

context.[4]  For the reasons that follow, we need not do so today because the district court's judgment must be affirmed even under the more stringent standard set forth in *Chapman*.

Although the district court cited the *Brecht* standard for harmlessness and not the *Chapman* standard, it is clear from the district court's order that it would have denied relief under either.  That is because the district court expressly found that 132 months' imprisonment was the appropriate term of incarceration for Hall regardless of his status under ACCA.  The court not only found that a 132-month sentence was "sufficient, but not greater than necessary, to comply with the statutory sentencing purposes" in § 3553(a), but also that no lesser sentence would do because "a sentence below 132 months would not be sufficient to comply with the statutory sentencing purposes."  Doc. 109 at 7-8 (internal quotation marks omitted).  We know that the *Johnson* error was harmless beyond a reasonable doubt because the district court in no uncertain terms found that Hall would receive exactly the same term of incarceration in the absence of the error.

Hall argues that we cannot credit the district court's findings because they were made years after the original sentencing proceeding.  We disagree.  We

---

[4] Nor have we specifically determined that harmless error review applies at all.  Here, however, Hall does not meaningfully argue that a *Johnson* error is structural and unsuited for harmless error review; rather, he disagrees only with the harmless error standard the district court employed.

7

repeatedly have affirmed the denial of relief from a federal sentence based on a district court's findings, made on collateral review and without an evidentiary hearing, that the original sentence would still be appropriate. *See, e.g.*, *Smith v. United States*, 565 F.2d 378, 379 (5th Cir. 1978)[5] (affirming the denial of a motion to vacate when the district court found that allegedly incorrect information regarding the defendant on an FBI rap sheet "had nothing whatever to do with the sentence imposed," because "[t]his holding means that the sentence would have been the same even if convictions were taken into consideration but later found to be invalid"); *Rogers v. United States*, 466 F.2d 513, 513-14 (5th Cir. 1972) (same); *see also United States v. Missio*, 597 F.2d 60, 61-62 (5th Cir. 1979) ("There is no point in remanding the matter to the District Judge in the face of his solemn assertion that the allegedly unconstitutional convictions played no part in, and had no impact on, the sentence imposed.").

Moreover, it is clear from the district court's order that the court did not simply revisit the calculations in Hall's original PSR and sentencing proceedings, but rather took into account developments in the law—including the recent amendments to the Sentencing Guidelines and the court's own response to *Johnson* in career offender cases—in evaluating whether Hall's sentence remained

---

[5] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

appropriate after *Johnson*. Thus, as in *Missio*, the district court's findings make clear that there is no point in remanding this case to the district court considering the court's careful and unequivocal findings that a 132-month term of incarceration is appropriate notwithstanding the *Johnson* error the court recognized.

IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**