951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Herman WHITE, Defendant-Appellant.
 No. 91-2134.
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1992.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 3
 The appellant, James H. White, pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d). The district court sentenced the appellant to twenty-five years of imprisonment, the statutory maximum under 18 U.S.C. § 2113(d). The appellant challenges his sentence on two grounds: (1) the sentence was disproportionate and (2) the sentencing judge relied upon materially false information in concluding that the appellant held two children as hostages following the robbery.
 
 
 4
 We do not agree with the appellant that his sentence was disproportionate. The magistrate and the district court correctly concluded that the sentence was not disproportionate because it was within statutory limits. See United States v. O'Driscoll, 761 F.2d 589 (10th Cir.1985), cert. denied, 475 U.S. 1020 (1986). Indeed, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummell v. Estelle, 445 U.S. 263, 272 (1980).
 
 
 5
 We do agree, however, that the sentencing judge based the sentence upon materially false information, as revealed by certain statements contained within the Report on Sentenced Offender. This Circuit recognizes "a due process right to be sentenced only on information which is accurate." United States v. Jones, 640 F.2d 284 (10th Cir.1981). "[A] sentence will be vacated on appeal if the challenged information is (1) false and unreliable, and (2) demonstrably made the basis for the sentence. In the context of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court based its sentence on improper information." Farrow v. United States, 580 F.2d 1339 (9th Cir.1978) (citations omitted). Both prongs of this test are satisfied in this case.
 
 
 6
 In the section of the Report on Sentenced Offender entitled "SENTENCING OBJECTIVES. Court's intent or purpose for sentence imposed," the report stated: "Maximum term imposed due to severity of offense; defendant displayed .38 calibre revolver to bank employees in threatening manner, later, displayed firearm to two adolescents he held hostage for three hours."[1] A Report on Sentenced Offender "states the intent or purpose of the sentence imposed; the court's opinion of any treatment or training suitable for the offender; the appropriateness of parole in view of the offense, prior criminal background, and any mitigating or aggravating circumstances; and recommended institution." Payton v. United States, 679 F.2d 475, 491 (5th Cir.1982) (Tjoflat, J. concurring and dissenting).
 
 
 7
 The government argues that we should disregard the Report on Sentenced Offender for two reasons: first, the judge could not have relied upon the report because it was prepared the day after the appellant was sentenced; second, although the report is normally prepared by the sentencing judge, the probation office prepared and signed the report in this case. We cannot disregard this report. In light of the report's purpose, we must view it as an accurate representation of the court's reasons for sentencing the appellant as it did. According to the plain language of the report, the court based the appellant's sentence on its conception that the children were held hostage.
 
 
 8
 In 1983, the United States District Court for the District of Wisconsin found that the notion that the appellant held hostages in this case was "pure hyperbole" and ordered the United States Parole Commission to expunge the hostage references from its materials. See Record, vol. I, doc. MV-2, exh. C, at 21. That court stated, "Neither the [presentence report] nor the other official records on the robbery suggest ... that White held the children as leverage for demands of anyone.... The situation could have evolved into a hostage situation, exposing the children to potential harm, but it did not. A potential taking of hostages ... should not be treated as if the offense actually occurred." Id. at 22.
 
 
 9
 Although the appellant has served his incarceration time for this offense, he is still under supervised release. It is his request that the matter be remanded for resentencing in the hope that the supervised parole time will be shortened or eliminated if the district court disregards the false allegations of hostage taking.
 
 
 10
 Because the record reveals that the appellant's sentence was in fact based on the erroneous conception that the appellant had taken two children as hostages, we VACATE the appellant's sentence and REMAND to the district court to resentence the appellant with instructions that the district court disregard the allegation that the appellant took the children hostage.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The presentence investigation report also stated that two children were "held hostage" following the robbery. However, the appellant acknowledged and the magistrate found that the district judge stated that he did not rely on the presentence investigation report when imposing sentence