92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Juan DIAZ, Defendant-Appellant.
 No. 95-35724.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1996.
Decided July 31, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Louis Juan Diaz appeals from the district court's order denying him relief under 28 U.S.C. § 2255.
 
 
 4
 Section 2255 requires only that the district court give a claim " 'careful consideration and plenary processing, including full opportunity for presentation of the relevant facts.' " Watts, 841 F.2d at 277, quoting Blackledge v. Allison, 431 U.S. 63, 82-83 (1977). We entrust the choice of method to the court's discretion. Id., citing Marchibroda v. United States, 368 U.S. 487, 495 (1962). Diaz did not allege that the district court failed to give careful consideration to the § 2255 motion and related discovery motions. The district judge indicated that she reviewed the record and all materials submitted. Therefore, we find that the district judge did not err by not providing a hearing on Diaz's § 2255 motion and related discovery motions.
 
 II.
 
 5
 Diaz argues that the government's failure to provide the "newly discovered evidence" constituted a violation of its duty to disclose exculpatory information under Brady v. Maryland, 373 U.S. 83, 87 (1963), as well as outrageous governmental conduct. The evidence consisted of documents from the United States v. Bracamontes case, a separate criminal action in which government witness Maria Flores was involved. Those documents were in the possession of the Clackamas County District Attorney's office.
 
 
 6
 We reject Diaz' argument for two reasons. First, Diaz has failed to establish that the government was even aware of the alleged Brady material. The government admitted only that it was aware that Flores had been arrested. The government has no obligation to produce information which it does not possess or of which it is unaware. See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989). Furthermore, Diaz' counsel was also aware of the Bracamontes case and had already issued a subpoena to the Clackamas County District Attorney. Diaz or his attorney never indicated difficulty in obtaining documents from the Clackamas County District Attorney's office. Once the government was made aware of the documents' existence, it made them immediately available to Diaz. The district court therefore correctly found that there was no evidence that the reports were unavailable to Diaz.
 
 
 7
 Second, a Brady violation requires that the information sought is material to the defense. United States v. Shaffer, 789 F.2d 682, 687-88 (9th Cir.1988). The usual standard of materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 678 (1985) (emphasis added).
 
 
 8
 A review of the documents confirms the district court's finding that the reports were cumulative to other pretrial discovery materials. The special report dated February 1, 1990, prepared by the Clackamas County Sheriff's Office, includes the same type of information that Flores provided in this case on January 26, 1990. In the February report, Flores mentioned Diaz once, in relation to naming several individuals who were involved in drug trafficking. The transcript from the Bracamontes pretrial motions hearing is consistent with Flores' testimony in this case that she did not expect any benefit in exchange for her information. Because this new evidence is consistent with the existing evidence, it does not follow that the outcome would have been different had the evidence been discovered. Thus, the district court correctly found that there was no Brady rule violation. Additionally, none of the evidence directly contradicts the specific charges for which he was convicted. Diaz consequently has not made the required showing of materiality under Bagley, 473 U.S. at 682.
 
 III.
 
 9
 Diaz also argues that the government's activity constituted outrageous government conduct, in violation of the Fifth Amendment Due Process Clause.
 
 
 10
 To prevail on an outrageous government conduct claim, Diaz would have to show that the government conduct was "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. McClellan, 72 F.3d 717, 721 (9th Cir.1995) (quotation omitted), cert. denied, --- U.S. ----, 116 S.Ct. 1448 (1996). The allegations that the government suborned perjury from Flores do not reach this level. The record in no way indicates that the government engaged in conduct that would warrant a dismissal on this basis. Diaz therefore did not meet the "extremely high standard" imposed by this claim. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991).
 
 IV.
 
 11
 Lastly, Diaz argues that he was denied the effective assistance of counsel. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct." Strickland v. Washington, 466 U.S. 668, 689 (1984). To demonstrate prejudice, Diaz must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 12
 Diaz failed to produce sufficient evidence to satisfy the Strickland test. Diaz does not demonstrate that he was prejudiced by his counsel's actions or inactions and his conclusory allegations are unsupported. Moreover, it does not "affirmatively appear in the record that the court based its sentence on improper information." See Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). The failure to procure the documents from the Bracamontes case was not so grave as to rebut the presumption that his counsel's conduct fell within the range of reasonable professional conduct. Furthermore, there was no showing of prejudice. The district court properly found that Diaz failed to produce convincing evidence to support the ineffective assistance of counsel claim.
 
 
 13
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3