NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10523 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-08004-JJT-1 |
| v. | |
| NICHOLAS LEE COOPER, AKA Nicholas Cooper, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted March 14, 2018**
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,*** District Judge.

Nicholas Cooper appeals his 37-month sentence for possession of a firearm as a convicted felon. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**1.** The district court did not plainly err in treating one of Cooper's prior convictions as a crime of violence when it calculated his offense level. We have held that Arizona aggravated assault, Ariz. Rev. Stat. §§ 13-1203, 13-1204, is not categorically a crime of violence but that it is divisible. *See United States v. Cabrera-Perez*, 751 F.3d 1000, 1004-05, 1007 (9th Cir. 2014); *United States v. Esparza-Herrera*, 557 F.3d 1019, 1025 (9th Cir. 2009). Cooper's pre-sentence investigation report ("PSR") stated that he had been convicted of a version of aggravated assault—"intentionally placing another person in reasonable apprehension of imminent physical injury" as defined in section 13-1203(A)(2)— that we have concluded qualifies as a crime of violence under 18 U.S.C. § 16, which has a similar definition for "crime of violence" as applies in this case. *See Cabrera-Perez*, 751 F.3d at 1007.

Even if the information in the PSR was not itself enough, judicially noticeable documents submitted on appeal confirm that Cooper pleaded guilty to section 13-1203(A)(2).[1] *See id.* at 1005-06. Specifically, he pleaded guilty to "intentionally plac[ing] [another person] in reasonable apprehension of imminent physical injury." He also agreed at his plea hearing that his plea was based on having "intentionally place[d] [the victim] in reasonable apprehension of imminent

---

[1] We grant both sides' unopposed requests to expand the record to include these additional documents. *See* Fed R. Evid. 201(b).

physical injury." Even if the district court lacked support for its crime of violence determination given the documents in front of it at the time of sentencing, there was no harm to Cooper's substantial rights because the district court correctly concluded that the conviction qualified as a crime of violence. *See United States v. Olano*, 507 U.S. 725, 734 (1993). There was therefore no plain error.

**2.** The district court did not abuse its discretion in concluding that a preponderance of the evidence supported enhancing Cooper's offense level based on his possession of a stolen firearm.[2] *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(b)(4) (U.S. Sentencing Comm'n 2014); *United States v. Felix*, 561 F.3d 1036, 1040 (9th Cir. 2009). The challenged hearsay statements from the victim of the theft, A.L., were corroborated by sufficient external indicia of reliability to support their probable accuracy, and therefore their admissibility at sentencing. *See* U.S.S.G. § 6A1.3(a); *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006).

---

[2] The enhancement in this case did not have "an extremely disproportionate effect on the sentence relative to the offense of conviction," which would have triggered a clear and convincing evidence standard for the district court's factual findings. *See United States v. Hopper*, 177 F.3d 824, 832-33 (9th Cir. 1999) (quoting *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir. 1991) (en banc)); *see also United States v. Mezas de Jesus*, 217 F.3d 638, 642-43 (9th Cir. 2000) (applying the clear and convincing evidence standard).

The district court was not required to hold an evidentiary hearing regarding A.L.'s testimony because the court allowed Cooper to challenge the PSR's conclusion that he had possessed a stolen firearm orally and through written submissions. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001); *Farrow v. United States*, 580 F.2d 1339, 1360 (9th Cir. 1978) (en banc).

**3.** The district court did not err in discussing Cooper's eligibility for the Bureau of Prisons's Residential Drug Abuse Program ("RDAP") as an additional benefit of his sentence length. To qualify for RDAP, a defendant usually must have a sentence of at least a certain length. District courts may not, however, impose or lengthen a defendant's term in custody to promote participation in RDAP or other rehabilitation. *See* 18 U.S.C. § 3582(a); *Tapia v. United States*, 564 U.S. 319, 332 (2011).

Although the district court in this case said that the potential for Cooper to participate in RDAP was a benefit of the length of his sentence, it did not suggest that it had imposed or lengthened Cooper's term of custody to increase his chances of eligibility for the drug treatment program. Indeed, the court stated that it had *not* lengthened Cooper's sentence so he would be eligible for RDAP both before and after Cooper objected to the sentence on this basis. And the court did not impose a 31-month sentence, which is what the court thought was the minimum sentence required for Cooper to be eligible to participate in RDAP. Rather, the

4

court imposed a 37-month sentence, suggesting that other considerations drove the choice of sentence length.

**AFFIRMED.**